IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| VOLMAR CONSTRUCTION, INC., Plaintiff, v. THE UNITED STATES, Defendant. | No. 05-794C (Judge Bruggink) |

**JOINT PRELIMINARY STATUS REPORT**

Plaintiff, Volmar Construction, Inc. ("Volmar"), and defendant, the United States, by and through their respective undersigned counsel of record, and pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), file this Joint Preliminary Status Report and state as follows:

Following the filing of the Government's answer in this matter, the parties, by and through their counsel, met to discuss the items outlined in Subsections II and III (paragraphs 3, 4 and 5) of RCFC Appendix A. In specific response to the items identified in Subsection III (paragraph 4), the parties report:

**(a) Does the court have jurisdiction over the action?**

**Plaintiff's Response**: Yes.

**Defendant's Response**: Defendant is at present unaware of any basis for challenging the Court's jurisdiction.

(b) **Should the case be consolidated with any other case and the reasons therefore?**

**Joint Response:** No.

(c) **Should trial of liability and damages be bifurcated and the reasons therefore?**

**Joint Response:** No.

(d) **Should further proceedings in this case be deferred pending consideration of another case before the court or any other tribunal and the reasons therefore?**

**Joint Response:** No.

(e) **In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefore and the proposed duration?**

**Joint Response:** No.

(f) **Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to effect joinder.**

**Joint Response:** No.

(g) **Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, a schedule for the intended filing.**

**Joint Response:** The parties reserve the right to file Rule 56 motions for summary judgment. A final determination regarding the appropriateness of a Rule 56 motion cannot be made until the parties conduct discovery and determine whether there exist disputed issues of material fact. In the event that either or both parties conclude that some or all of the issues in this case may be resolved through the vehicle of summary judgment, the parties will propose for the Court's consideration a briefing schedule within 30 days following the close of all

discovery.

(h) **What are the relevant factual and legal issues?**

**Plaintiff's Response:** Plaintiff contends that the relevant legal issues in the case are:

1. Whether the Defendant in its solicitation documents failed to provide Plaintiff with an accurate estimate of the number of service calls to be provided under the fixed price line items of the Contract?
2. Whether the Defendant's failure to provide Plaintiff with an accurate estimate of the number of service calls to be provided under the fixed price line items of the Contract was a breach of the Defendant's implied warranty and obligation to furnish Plaintiff with accurate and complete specifications?
3. What is the amount of the equitable adjustment to the Contract or damages that are due Plaintiff by reason of Defendant's breach of its implied warranty and obligation to furnish Plaintiff with accurate and complete specifications?
4. Whether the Defendant's failure to provide Plaintiff with an accurate estimate of the number of service calls to be provided under the fixed price line items of the Contract was a misrepresentation by Defendant?
5. What is the amount of the equitable adjustment to the Contract or damages that are due Plaintiff by reason of Defendant's

misrepresentation?

6. Whether the Defendant's failure to provide Plaintiff with an accurate estimate of the number of service calls to be provided under the fixed price line items of the Contract was a constructive change to the Contract?

7. What is the amount of the equitable adjustment to the Contract or damages that are due Plaintiff by reason of Defendant's constructive change to the Contract?

8. Whether the Defendant's failure to provide Plaintiff with an accurate estimate of the number of service calls to be provided under the fixed price line items of the Contract was a breach of the Contract?

9. What is the amount of the equitable adjustment to the Contract or damages that are due Plaintiff by reason of Defendant's breach of the Contract?

10. Whether the Defendant's failure to provide Plaintiff with an accurate estimate of the number of service calls to be provided under the fixed price line items of the Contract was a breach of Defendant's implied covenant of good faith and fair dealing under the Contract?

11. What is the amount of the equitable adjustment to the Contract or damages that are due Plaintiff by reason of Defendant's breach of it's implied covenant of good faith and fair dealing under the

Contract.

**Defendant's Response**: The Government contends that the relevant legal issues in this case are:

1. Whether Volmar's lump-sum bid for the firm fixed-price portion of Contract No. N62472-99-D-5403 represented the total compensation that Volmar was entitled to receive each year for performing at the Mitchell Housing Complex all facilities maintenance and repair service calls identified in the fixed-price portion of Sections B and C of the contract?
2. Whether Volmar is entitled to receive an equitable adjustment if the historical data included in Attachment J-C12.1 did not accurately represent the numbers of service calls historically performed for the fixed-price portion of the contract?
3. If so, whether the historical data included in Attachment J-C12.1 did not accurately represent the numbers of service calls historically performed for the fixed-price portion of the contract?
4. If Volmar is entitled to receive an equitable adjustment for periods during which it performed service calls that exceeded the historical data included in Attachment J-C12.1, whether the Government is entitled to receive a credit for the periods during which Volmar performed fewer service calls than the historical data?

(i) **What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

**Joint Response:** The parties are receptive to the possibility of settlement, but cannot at this time assess the likelihood of settlement. As appropriate, the parties will discuss settlement between themselves.

**Plaintiff's Response:** Plaintiff is willing to utilize the Court's opportunities for alternate dispute resolution.

**Defendant's Response:** At present, defendant does not contemplate availing itself of the Court's opportunities for alternative dispute resolution.

(j) **Do the parties anticipate proceeding to trial?**

**Plaintiff's Response:** The Plaintiff requests expedited trial scheduling.

**Defendant's Response:** Defendant does not request expedited trial scheduling.

(k) **Are there special issues regarding electronic case management needs?**

**Joint Response:** The parties are unaware of any special issues regarding electronic case management needs.

(l) **Is there other information of which the court should be aware at this time?**

**Joint Response:** No.

In specific response to the items identified in Subsection III (paragraph 5) regarding discovery, the parties respond as follows:

**Plaintiff's Response:** Counsel for both parties shall conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents and depositions. All discovery will be completed July 15, 2006.

**Defendant's Response:** Defendant proposes that the parties complete all discovery by November 15, 2006.

Respectfully submitted,

s/ Gary Marcus

GARY MARCUS
Goldberg & Connolly
66 North Village Avenue
Rockville Centre, NY 11570
Tel.: (516) 764-2800
Fax: (516) 764-2827
Email: gmarcus @goldbergconnolly.com
Attorneys for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee by Patricia M. McCarthy

BRYANT G. SNEE
Assistant Director

s/ John H. Williamson

JOHN H. WILLIAMSON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
ATTN: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-0277
Fax: (202) 307-0972
Email: john.williamson@usdoj.gov

OF COUNSEL:

AUDREY VAN DYKE
Associate Counsel (Litigation)
Litigation Office
NAVFAC, Washington
U.S. Department of the Navy
720 Kennon St., S.E.
Building 36, Room 136
Washington Navy Yard, D.C. 20374

January 9, 2006

Attorneys for Defendant

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 9th day of January, 2006, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_s/ John H. Williamson _