**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| VOLMAR CONSTRUCTION, INC., Plaintiff, v. THE UNITED STATES, Defendant. | No. 05-794C (Judge Sweeney) **Reply Affidavit in Further Support of Motion to Change Attorney of Record** |

STATE OF NEW YORK )
) ss.:
COUNTY OF NASSAU )

**MITCHELL B. REITER**, an attorney licensed to practice law in the courts of the State of New York and admitted to practice before this court, affirms the following under penalties of perjury:

1. I am associated with the law firm of Goldberg & Connolly, attorneys for the Plaintiff Volmar Construction in this action and I submit this reply affidavit in further support of Plaintiff's motion for leave of the Court to substitute myself for Gary Marcus, Esq. as the attorney of record for the Plaintiff in this action.

2. Unfortunately, as expected, Mr. Marcus has wrongly claimed to have a lien that requires he be paid fees he claims he is due from our firm as a condition to the court granting this motion, not to substitute counsel, but only change the attorney of record for the Plaintiff.

3. Mr. Marcus continues to misunderstand and misapply the charging lien rules under New York law. He has no lien and no right to the remedy he seeks for several distinct reasons.

4. First, the purpose of the charging lien under New York State Judiciary Law ¶ 475 that Mr. Marcus claims to have is to prevent the client from failing to pay its attorney. *In re Heinsheimer*, 214 N.Y. 361, 365, 108 N.E. 636, 637 (1915) ( device for the protection of attorneys against knavery of clients by disabling clients from receiving fruits of recoveries without paying for services by which recoveries obtained); *Simon v. Burke*, 190 Misc. 618, 620, 74 N.Y.S.2d 140,142 (Sup. Ct., Erie County, 1947) (prevents dishonest client from receiving fruits of attorney's efforts without compensating him).

5. Here, Mr. Marcus is seeking to recover a payment he claims is due from our firm as his wages under his "of counsel" relationship with our firm. He is not claiming that the Plaintiff owes him this payment based upon the Plaintiff's retention of him as his lawyer. Indeed, he cannot make this claim because the Plaintiff retained the firm, Goldberg & Connolly, not Mr. Marcus. Mr. Marcus is just one of the attorneys who worked for our firm on this case. Individual attorneys do not have personal charging liens on their internal compensation disputes with their firms.

6. There is no payment dispute between our firm and the client, Volmar. The dispute is between our firm and an attorney who used to work for it. The lien created under New York Judiciary Law ¶ 475 has no relevance to a former attorney seeking payment for alleged wages he claims are due from his former firm.

7. Mr. Marcus clearly bases his entire erroneous understanding of the lien created by New York Judiciary Law ¶ 475 solely on the "attorney who appears for a party" language in the statute. As the cases cited by our firm have shown, the intent of this language was to mean the attorney hired by the client and who actually represents the client in the court proceedings. Here, that is Goldberg & Connolly.

8. Mr. Marcus ignores this purpose and meaning of the statute and instead confuses himself with this court's particular appearance rules that require that an individual attorney from a firm, as opposed to the firm itself, be listed on each action as the attorney of record for a party. This court has such an appearance rule because this court requires each attorney to acquire a separate admission to practice before this court. This court's specific rules of practice, however, do not re-write the New York State law on attorney's liens, as Mr. Marcus seeks to do here. Under New York State law, the lien is granted to the attorney, firm or individual, hired by the client and to whom the client owes the fees.

9. Second, the charging lien under New York Judiciary Law ¶ 475 only applies where the attorney's efforts have led to the creation of proceeds payable to the client. *Kaplan v. Port Taxi, Inc.*, 89 A.D.2d 577, 452 N.Y.S.2d 237 (2d Dep't 1982). This matter is still in the discovery phase of litigation. Mr. Marcus' efforts have led to no recovery by Volmar and, therefore, even if he could have a personal lien under this law, it never arose because his efforts have led to no proceeds payable to the client.

10. We are truly sorry that the court has had to become involved in the larger internal dispute regarding Mr. Marcus' former relationship with our firm as part of the simple matter of changing the attorney of record for the Plaintiff.

11. Once again, Mr. Marcus' refusal to consent to this motion is simply a result of his dispute with our firm and affords no factual or legal justification for the denial of this motion.

**WHEREFORE**, it is respectfully requested the attorney of record for the Plaintiff in this action be changed to Mitchell B. Reiter, Esq., Goldberg & Connolly, 66 North Village Avenue, Rockville Centre, New York 11570, tel: (516) 764-2800, fax: (516) 764-2827, email: mbreiter@goldbergconnolly.com.

Dated: Rockville Centre, New York
September 10, 2006

Respectfully submitted,

S/ Mitchell B. Reiter
Mitchell B. Reiter, Esq. (9696)
Goldberg & Connolly
66 North Village Avenue
Rockville Centre, New York 11570
Tel.: (516) 764-2800
Fax: (516) 764-2827