# In the United States Court of Federal Claims

No. 05-794 C
(Filed: September 12, 2006)

***********************************
VOLMAR CONSTRUCTION, INC., *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
***********************************

**ORDER**

On August 16, 2006, plaintiff in the above-captioned case filed, pursuant to Rule 83.1(c)(4) of the Rules of the United States Court of Federal Claims,[1] Plaintiff's Motion to Change Attorney of Record and an Affidavit of Appointment. The affidavit indicates that plaintiff retained the law firm of Goldberg & Connolly to represent it before the Court of Federal Claims in this case. The affidavit also indicates that plaintiff's attorney of record was no longer associated with Goldberg & Connolly but refused to consent to plaintiff's motion due to a dispute about legal fees. In an Affirmation in Opposition to Motion to Change Attorney of Record filed on August 28, 2006, plaintiff's attorney of record requested that if the court granted the motion, it do so conditioned upon the payment of the disputed legal fees. The moving attorney filed a Reply Affidavit in Further Support of Motion to Change Attorney of Record on September 10, 2006.

---

[1] Rule 83.1(c)(4) provides:

> A party other than the United States may by leave of court on motion change the party's attorney at any time. The motion may be signed by said party in person or by the newly designated attorney accompanied by an affidavit of appointment executed by such attorney. If the consent of the previous attorney of record is annexed to or endorsed on the motion, substitution shall be accomplished by an appropriate entry on the docket by the clerk. When the motion is not thus shown to have the consent of the previous attorney, such attorney shall be served with the motion and shall have 14 days to show cause why the motion should not be allowed.

This court will not permit a private fee dispute among past or present counsel to hold this litigation hostage. This case will proceed with plaintiff's choice of counsel. If the outgoing counsel of record has a dispute with his prior employer, he should take it up in the proper forum. Plaintiff has moved for the substitution of counsel and the court finds no reason to deny plaintiff's motion. Therefore, Plaintiff's Motion to Change Attorney of Record is **GRANTED**.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge